Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave.
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLISON L. JAVITCH, an individual<br><br>Plaintiff,<br><br>vs.<br><br>SUNRUN, INC, a Delaware Corporation, and SUNRUN INSTALLATION SERVICES, INC, a Delaware Corporation,<br><br>Defendants. | Case Number: 3:19-cv-2995<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1.  Plaintiff Allison L. Javitch ("Plaintiff") brings this Complaint and Demand for Jury Trial against Defendant SUNRUN, INC. and Defendant SUNRUN INSTALLATION SERVICES, INC., (together "Defendants") to stop placing calls to Plaintiff's cellular telephone and to obtain redress as authorized by statute.

### NATURE OF THE ACTION

2.  Defendants sell and install solar panels to consumers. As a part of marketing their products and services, however, Defendants and their agents placed calls to Plaintiff's cell phone that used a prerecorded voice advertisement.

3. Unfortunately, Defendants did not obtain consent from Plaintiff prior to calling Plaintiff's cell phone, and Defendants are therefore in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to send hundreds of advertisements to Plaintiff's cell phone without his consent.

6. By placing the calls at issue, Defendants have violated Plaintiff's statutory rights.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop calling Plaintiff's cell phone, as well as an award of actual and statutory damages, civil penalties, costs and reasonable attorneys' fees.

## **PARTIES**

8. Plaintiff Allison L. Javitch is a natural person and is a citizen of the Northern District of California.

9. Defendant SUNRUN, INC. is a corporation organizing and existing under the laws of the State of Delaware with its principal place of business at 595 Market Street, 29th Floor, San Francisco, CA 94105.

10. Defendant SUNRUN INSTALLATION SERVICES, INC. is a corporation organizing and existing under the laws of the State of Delaware with its principal place of business at 595 Market Street, 29th Floor, San Francisco, CA 94105.

COMPLAINT                                                                CASE NO.: 3:19-cv-2995

Page 2

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. §1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

12. This Court has personal jurisdiction over Defendants because they conduct business in this District and in the State of California and because the events giving rise to this lawsuit occurred in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendants regularly conducts business in the State of California and in this District, and because the wrongful conduct giving rise to this case occurred in this District.

## DEFENDANTS CALL PLAINTIFF WITHOUT CONSENT

14. On May 24, 2019, Plaintiff received a call from Defendants on Plaintiff's cell phone.

15. The call was placed from 650-898-0306, so it appeared to be a local caller.

16. When Plaintiff answered the call, Plaintiff heard a prerecorded voice message.

17. Plaintiff responded to the prompts and was then called back by Defendants' live agent.

18. Defendants' agent was selling Defendants' solar panels.

19. In total, Defendants made at least two calls to Plaintiff using a prerecorded voice without her permission.

# FIRST CAUSE OF ACTION
Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

20. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

21. Defendants and/or their agents placed telephone calls to Plaintiff's cellular telephone.

22. Plaintiff never consented to receive calls from Defendants. Plaintiff has no relationship with Defendants.

23. Defendants' calls were made for the purpose of advertising Defendants' solar panel products and services. These calls constituted commercial advertising as contemplated by the TCPA.

24. Defendants played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

25. As a result of its unlawful conduct, Defendants causing damages under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in civil penalties and an injunction requiring Defendants to stop their illegal calling.

26. Not only did Defendants make this violating call, Defendants and/or their agents did so "knowingly" and/or "willfully" under 47 U.S.C. § 227(b)(3)(C).

27. If the court finds that Defendants willfully or knowingly violated this subsection, the court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

# PRAYER FOR RELIEF

28. WHEREFORE, Plaintiff Allison Javitch prays for the following relief:

   a) An injunction requiring Defendants to cease all calls to Plaintiff;

   b) An order declaring that Defendants' actions, as set out above, violate the TCPA;

      c) An order declaring that Defendants' actions, as set out above, *knowingly* and *willfully* violate the TCPA;

      d) An award of actual and/or statutory damages and civil penalties;

      e) An award of reasonable attorneys' fees and costs; and

      f) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 30, 2019

                              Respectfully submitted,

                              By: /s/ Mark L. Javitch         .

                              Mark L. Javitch. Javitch (SBN 323729)
                              Attorney at Law
                              480 S. Ellsworth Ave
                              San Mateo CA 94401
                              Tel: 650-781-8000
                              Fax: 650-648-0705
                              *Attorney for Plaintiff*
                              ALLISON JAVITCH

COMPLAINT                              CASE NO.: 3:19-cv-2995

Page 5