**KELLEY DRYE & WARREN LLP**
  Tahir L. Boykins (State Bar No. 323441)
10100 Santa Monica Boulevard
23rd Floor
Los Angeles, CA 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
tboykins@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
  Lauri A. Mazzuchetti (*Pro Hac Vice pending*)
  Glenn T. Graham (*Pro Hac Vice pending*)
One Jefferson Road
Parsippany, New Jersey 07054
Telephone:    (973) 503-5900
Facsimile:    (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendants Sunrun Inc. and Sunrun Installation Services, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| ALLISON L. JAVITCH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN, INC., a Delaware Corporation, and SUNRUN INSTALLATION SERVICES, INC., a Delaware Corporation,<br><br>Defendants. | Case No. 3:19-cv-02995<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>Action Filed: May 30, 2019<br>Trial Date:  None Set |

Defendants Sunrun Inc. and Sunrun Installation Services, Inc. (collectively, "Sunrun") hereby file their Answer and Affirmative Defenses to the Complaint filed by plaintiff Allison L. Javitch ("Plaintiff").

The following paragraphs of the Answer correspond to the numbered paragraphs of Plaintiff's Complaint:

1. Sunrun admits that Plaintiff has brought this action related to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), but denies that Sunrun violated the TCPA or any other law and denies the remaining factual allegations contained in paragraph 1 of the Complaint.

2. Sunrun admits that it sells and installs solar panels. However, Sunrun denies the remaining factual allegations contained in paragraph 2 of the Complaint.

3. Sunrun denies the allegations contained in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

5. Sunrun denies the allegations contained in paragraph 5 of the Complaint.

6. Sunrun denies the allegations contained in paragraph 6 of the Complaint.

7. Sunrun is without knowledge or information to form a belief as to what Plaintiff "seeks," but denies the factual allegations contained in paragraph 7 of the Complaint. Sunrun further denies that Plaintiff is entitled to any of the relief she seeks in paragraph 7 of the Complaint.

**PARTIES**

8. Sunrun is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Sunrun admits that Sunrun Inc. is a Delaware corporation and that its principal place of business is 595 Market Street, 29th Floor, San Francisco, California 94105.

10. Sunrun admits that Sunrun Installation Services, Inc. is a Delaware corporation and that its principal place of business is 595 Market Street, 29th Floor, San Francisco, California 94105.

///

///

### III. JURISDICTION AND VENUE

11. With respect to the allegations set forth in paragraph 11 of the Complaint, Sunrun denies that it violated the TCPA or any other law, admits that Plaintiff brings this action pursuant to the TCPA, and admits that the Court has subject matter jurisdiction thereunder.

12. Sunrun admits that it conducts business in the state of California and in this district, and admits that the Court has personal jurisdiction thereunder. However, Sunrun denies the remaining factual allegations contained in paragraph 12 of the Complaint.

13. Sunrun admits that it conducts business in the State of California and in this district. However, Sunrun denies the remaining factual allegations contained in paragraph 13 of the Complaint.

### IV. DEFENDANTS CALL PLAINTIFF WITHOUT CONSENT

14. Sunrun denies the allegations contained in paragraph 14 of the Complaint.

15. Sunrun denies the allegations contained in paragraph 15 of the Complaint.

16. Sunrun denies the allegations contained in paragraph 16 of the Complaint.

17. Sunrun denies the allegations contained in paragraph 17 of the Complaint.

18. Sunrun denies the allegations contained in paragraph 18 of the Complaint.

19. Sunrun denies the allegations contained in paragraph 19 of the Complaint.

**FIRST CAUSE OF ACTION**
Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

20. Sunrun incorporates its responses to paragraphs 1 through 19 as though fully set forth herein.

21. Sunrun denies the allegations contained in paragraph 21 of the Complaint.

22. Sunrun denies the allegations contained in paragraph 22 of the Complaint.

23. Sunrun denies the factual allegations contained in paragraph 23 of the Complaint. With respect to those remaining allegations set forth therein which constitute legal conclusions, no response thereto is required. To the extent a response to those legal conclusions is required, Sunrun denies those allegations.

24. Sunrun denies the allegations contained in paragraph 24 of the Complaint.

25. Sunrun denies the allegations contained in paragraph 25 of the Complaint.

26. Sunrun denies the allegations contained in paragraph 26 of the Complaint.

27. The allegations in paragraph 27 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Sunrun denies those allegations.

## PRAYER FOR RELIEF

28. Sunrun denies that Plaintiff is entitled to any of the relief she seeks in the "WHEREFORE" paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

By way of further response, Sunrun asserts and alleges the following Affirmative Defenses to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Sunrun had prior express consent, permission or an invitation to place any phone calls at-issue, including to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Sunrun had an established relationship with the recipients of any phone calls, including with Plaintiff, and such relationship bars Plaintiff's claim.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Sunrun must be dismissed because Plaintiff has not suffered an injury-in-fact, and therefore, lacks standing to assert or pursue the claim in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Sunrun alleges that at all times mentioned in the Complaint, Sunrun acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Sunrun acted in good faith in the honest belief that the acts, conduct and communications, if any, of Sunrun were justified under the circumstances based on information reasonably available to Sunrun.

### SIXTH AFFIRMATIVE DEFENSE

Sunrun alleges that the award of statutory penalties against Sunrun would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim under the TCPA is unconstitutional.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Sunrun is barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

### TENTH AFFIRMATIVE DEFENSE

Sunrun alleges that by Plaintiff's conduct, representations, and omissions, upon which Sunrun detrimentally relied, Plaintiff is equitably estopped from asserting any claim for relief against Sunrun.

### ELEVENTH AFFIRMATIVE DEFENSE

Sunrun alleges that Plaintiff expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from pursuing the claim alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Sunrun alleges that Plaintiff is not entitled to any relief because Sunrun's conduct did not proximately cause any damages, injury or loss to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Sunrun alleges that by conduct, representations, and omissions, Plaintiff waived, relinquished, and/or abandoned any claim for relief against Sunrun respecting the matters that are the subject of the Complaint.

///

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Sunrun is barred because the phone calls that are the subject of the Complaint constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Sunrun for such phone calls would violate its First Amendment rights.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because Sunrun did not engage in willful and/or knowing misconduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

Sunrun did not place the alleged phone calls to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Sunrun is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than she is entitled to receive.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages sustained by Plaintiff are the result of conduct of a person or persons over whom Sunrun exercised no control.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join the necessary and indispensable parties in this action.

### TWENTIETH AFFIRMATIVE DEFENSE

Sunrun is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding Sunrun's maintenance of procedures reasonably adapted to avoid any such error.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Sunrun states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Sunrun reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Sunrun prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint;

2. That judgment be entered against Plaintiff and in favor of Sunrun;

3. That Sunrun recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Sunrun such other and further relief as it deems just and proper.


Dated:  August 19, 2019                                 Respectfully submitted,

                                                                      KELLEY DRYE & WARREN, LLP
                                                                         Lauri A. Mazzuchetti (*Pro Hac Vice pending*)
                                                                           Glenn T. Graham (*Pro Hac Vice pending*)
                                                                           Tahir L. Boykins


                                                                      By:  /s/  Tahir L. Boykins
                                                                           Tahir L. Boykins
                                                                           *Attorneys for Defendants*