Mark L. Javitch (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave.
San Mateo, CA 94401
Telephone: 650-781-8000
Facsimile: 650-648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLISON L. JAVITCH, an individual<br><br>Plaintiff,<br><br>vs.<br><br>SUNRUN, INC, a Delaware Corporation, and SUNRUN INSTALLATION SERVICES, INC, a Delaware Corporation,<br><br>Defendants. | Case Number: 3:19-cv-2995-RS<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff ALLISON L. JAVITCH ("Plaintiff") brings this [PROPOSED] First Amended Complaint and Demand for Jury Trial against Defendant SUNRUN, INC. and Defendant SUNRUN INSTALLATION SERVICES, INC., (together "Sunrun" or "Defendants") to stop placing calls to Plaintiff and to obtain redress as authorized by statute.

## NATURE OF THE ACTION

2. Defendants sell and install solar panels on residences. As a part of marketing their products and services, however, Defendants and/or their agent placed calls to Plaintiff's cell phone that used a prerecorded voice advertisement.

3. Unfortunately, Defendants did not obtain consent and therefore Defendants are in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and Cal. Civ. Code §1770(a)(22)(A) of the California Consumer Legal Remedies Act, (the "CLRA").

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to send prerecorded voice messages to Plaintiff.

6. By placing the calls at issue, Defendants have violated Plaintiff's statutory rights.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop calling Plaintiff, as well as an award of damages, costs and reasonable attorney's fees.

## PARTIES

8. Plaintiff ALLISON L. JAVITCH is a natural person and is a citizen of San Mateo County in the Northern District of California.

9. Defendant SUNRUN, INC. is a corporation organizing and existing under the laws of the State of Delaware with its principal place of business at 595 Market Street, 29th Floor, San Francisco, California, 94105.

10. Defendant SUNRUN INSTALLATION SERVICES, INC. is a corporation organizing and existing under the laws of the State of Delaware with its principal place of business at 595 Market Street, 29th Floor, San Francisco, California, 94105.

**JURISDICTION AND VENUE**

11. This Court has original general federal question subject matter jurisdiction to hear this case under 28 U.S.C. § 1331, because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

12. This Court has supplemental jurisdiction over Plaintiff's California state law claims under 28 U.S.C. § 1367(a) because they are so related to the TCPA claim in this action that arise under the Court's original jurisdiction that they form part of the same case or controversy under Article III.

13. This Court has general and specific personal jurisdiction over Defendants because they are headquartered in San Francisco in this District and because the events giving rise to this lawsuit occurred in this District.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the wrongful conduct giving rise to this case occurred in this District.

**DEFENDANTS CALL PLAINTIFF WITHOUT CONSENT**

15. On May 23, 2019, Plaintiff received a missed phone call at 3:39 p.m. on her cell phone ending in 8902.

16. The call was placed from 650-513-2274, so it appeared to be a local caller.

17. On May 24, 2019, at 9:19 a.m., Plaintiff received another call on Plaintiff's cell phone ending in 8902.

18. When Plaintiff answered the call, Plaintiff heard a prerecorded voice message.

19. Plaintiff responded to the prompts and was connected with a live representative who solicited Plaintiff for solar panels.

20. Defendants and/or their agent recorded this conversation without informing Plaintiff or obtaining her consent.

21. Sunrun's live agent then called back Plaintiff.

22. Plaintiff was solicited for Sunrun's solar panels by its live agent.

23. In total, Defendants made at least two calls to Plaintiff using a prerecorded voice.

## FIRST CAUSE OF ACTION
Willful and/or Knowing Violation of 47 U.S.C. § 227
Telephone Consumer Protection Act of 1991
(Against all Defendants)

24. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

25. Defendants and/or their agents placed telephone calls to Plaintiff's cellular telephone.

26. Plaintiff never consented to receive calls from Defendants. Plaintiff had no relationship with Defendants.

27. The calls were made for the purpose of advertising Sunrun's solar panels products and services. These calls constituted commercial advertising as contemplated by the TCPA.

28. The calls played a prerecorded voice message to Plaintiff's cell phone as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii).

29. As a result of its unlawful conduct, Defendants caused damages under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in civil penalties and an injunction requiring Defendants to stop their illegal calling.

30. Not only did Defendants make these violating calls, Defendants and/or their agents did so "*knowingly*" and/or "*willfully*" under 47 U.S.C. § 227(b)(3)(C) (emphasis added).

31. If the court finds that Defendants *willfully* or *knowingly* violated this subsection, the court may exercise its discretion to increase the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

### SECOND CAUSE OF ACTION
Violation of Cal. Civ. Code §1770(a)(22)(A)
California Consumers Legal Remedies Act
(Against all Defendants)

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Cal. Civ. Code §1750, et seq., California's Consumer Legal Remedies Act, prohibits a specific list of 27 unfair business practices.

34. Cal. Civ. Code §1770(a)(22)(A) prohibits

"[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice first informing the person answering the telephone of the name of the caller or the organization being represented, the address or the telephone number of the caller, and without first obtaining the consent of that person to listen to the prerecorded message."

35. By playing a prerecorded voice message without first asking for her consent with a natural voice, Defendants violated Cal. Civ. Code §1770(a)(22)(A).

36. Plaintiff suffered actual damages, in an amount to be ascertained at trial, including the costs of pursuing this lawsuit.

37. On May 30, 2019, Plaintiff sent notice of Defendants' violation via registered mail, return receipt requested, as required by Cal. Civ. Code § 1782(a).

38. Defendants did not respond with an appropriate correction, repair, replacement, or other remedy within 30 days after receipt of the notice, as would have been required to avoid an action for damages under Cal. Civ. Code § 1782(b).

39. Therefore, Plaintiff seeks injunctive relief, damages, including punitive damages, costs and attorney's fees.

### THIRD CAUSE OF ACTION
Violation of California Penal Code § 632.7
California Invasion of Privacy Act
(Against all Defendants)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. The California Invasion of Privacy Act, Cal. Penal Code § 632.7(a) ("CIPA") makes it is unlawful for any person to intentionally record a telephone conversation without the consent of all parties to that communication.

42. As described herein, on May 24, 2019, Defendants and/or their agent robocalled Plaintiff without her consent.

43. Defendants or their agent then intentionally recorded her conversation without her knowledge or consent.

44. Plaintiff suffered actual damages in an amount to be determined at trial, including the costs of filing this suit.

45. Plaintiff seeks actual and/or statutory damages and injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

46. WHEREFORE, Plaintiff ALLISON L. JAVITCH prays for the following relief:

   a) An injunction requiring Defendants to cease all calls using a prerecorded voice without consent;

   b) An injunction requiring Defendants to stop recording calls without informed consent;

   c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An order declaring that Defendants' actions, as set out above, *knowingly* and *willfully* violate the TCPA;

e) An order declaring that Defendants' actions, as set out above, violate the CLRA;

f) An order declaring that Defendants' actions, as set out above, violate the CIPA;

g) Pre-judgment and post-judgment interest on monetary relief;

h) An award of actual, statutory and punitive damages;

i) An award of reasonable attorneys' fees and costs; and

j) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 23, 2019                Respectfully submitted,

By: /s/ Mark L. Javitch            .

Mark L. Javitch. Javitch (SBN 323729)
Attorney at Law
480 S. Ellsworth Ave
San Mateo CA 94401
Tel: 650-781-8000
Fax: 650-648-0705

*Attorney for Plaintiff*
ALLISON JAVITCH